No. 48,733

City of Beverly, Kansas, *Appellant,* v. White, Hamele and Associates, a partnership, now White, Hamele and Hunsley; Kenneth E. White, Alvin F. Hamele, and Harry L. Hunsley, *Appellees.*

(580 P.2d 1321)

Opinion filed July 15, 1978.

*Daniel D. Metz,* of Metz, Metz & Morton, of Lincoln, argued the cause and was on the brief for the appellant.

*James P. Mize,* of Clark, Mize & Linville, Chartered, of Salina, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Fromme, J.: This is an action to recover damages for breach of a contract to furnish engineering services in designing a sewage treatment plant and collection facility for the City of Beverly, Kansas. The contract was entered into on September 10, 1970. The defendant-engineers filed an answer denying any breach of the contract but alleging that a controversy did arise between the parties concerning the performance of the contract which controversy was finally disposed of by arbitration and award. They filed a motion for summary judgment. Both parties filed affidavits in addition to their pleadings and exhibits. The exhibits included

a purported arbitration award which was dated prior to the date plaintiff's action was filed. The district court found the arbitration award was binding and granted defendants a summary judgment. The plaintiff city has appealed. A motion to dismiss the appeal on the ground of acquiescence in the judgment was filed in this court. It has been considered and is hereby denied.

This court is asked to re-examine the validity of the arbitration award. The sufficiency of the award depends upon whether the Uniform Arbitration Act, effective July 1, 1973, applies under the facts and circumstances of this case.

The contract for engineering services was entered into September 10, 1970. It contained the following provision for arbitration:

"4. Arbitration: Arbitration of all questions in dispute under this agreement shall be at the choice of either party and the dispute will finally and conclusively be settled by the decision of the arbitrators, one to be appointed by the city, one by the Consultant, and a third to be chosen by the two appointed. In case these three arbitrators thus chosen fail to agree, two additional arbitrators shall be appointed by the presiding judge of the United States Court of Appeals having jurisdiction over the region which includes the City of Paxico, Kansas. By the decision of these arbitrators, or by the majority of them, both parties to this agreement shall be finally bound.

"Arbitrators shall be men capable by training and experience to understand and pass upon the problems to be considered. No one shall serve as arbitrator who has or has had any financial or pecuniary interest with any of the parties or who is or ever has been employed by any of the parties. No arbitrator shall be an advocate for any of the parties.

"Compensation to each arbitrator shall be the same and shall be paid equally by both parties. All other expenses shall be paid by the party calling for arbitration."

The controversy between the parties concerning alleged engineering errors apparently surfaced early in June, 1974. On June 28, 1974, the city wrote to the defendant-engineers advising them that certain errors and inadequacies in the sewer system had not been corrected. The letter further advised, "we are obliged to invoke the Arbitration Clause of our agreement with your firm, dated September 10, 1970." In response the defendant-engineers wrote the city on July 3, 1974, naming a designated arbitrator. On July 10, 1974, the city wrote back naming a designated arbitrator. Apparently the third arbitrator was not designated by the two arbitrators until shortly before the initial meeting of the arbitrators on February 18, 1975. The arbitrators established a hearing date of February 27. Position statements of the parties were

requested, received and filed, but no actual hearing was held. Over a year elapsed between the dates the arbitrators were designated and the award was signed.

The present action was filed by the city on September 9, 1975. Although the award of the arbitrators bears the date of August 15, 1975, the award was not signed by all arbitrators or delivered to the parties until September 27, 1975.

K.S.A. 5-419 of the Uniform Arbitration Act provides:

"This act applies only to agreements made subsequent to the taking effect of this act. Nothing in this act shall be construed as affecting any provisions relating to arbitration in any policy of insurance or any endorsements thereon which complies with the requirements of K.S.A. 40-284."

It is readily apparent that the act does not apply to the September 10, 1970, agreement of the parties.

The defendant-engineers argue that the letters exchanged between the parties dated June 28, July 3, and July 10, 1974, became an independent contract to arbitrate and that it was entered into under the uniform act. They contend the contract became valid, enforceable and irrevocable by reason of K.S.A. 5-401. We cannot agree.

The construction and effect to be given an arbitration contract, like any other contract, largely depends on the intention of the parties as expressed therein. When the 1970 contract was executed the parties agreed to arbitrate disputes which might arise in the future. When the city first wrote to the defendant-engineers it stated it was *obliged* to invoke the arbitration clause in the 1970 agreement. The use of the word "obliged" and the reference to the 1970 agreement establishes an intention to proceed under the prior agreement and negates the theory an independent agreement was intended. The arbitration statutes in effect on September 10, 1970 (K.S.A. 5-201, *et seq.*), apply to the submission and arbitration of existing disputes only. (*Thompson v. Phillips Pipe Line Co.,* 200 Kan. 669, Syl. ¶ 1, 438 P.2d 146 [1968].) So arbitration under K.S.A. 5-201, *et seq.,* was not enforceable. In *Thompson* it was pointed out that where arbitration statutes are not applicable this court will follow the common law rule that an agreement to submit a matter to arbitration is revocable at will by either party while it is executory. Such an agreement is executory up until the time an award is signed by the arbitrators and served on the parties. It is further held in *Thompson* the revocation of an

agreement to arbitrate can be implied from the act of a party in refusing to appoint an arbitrator.

It can also be implied from filing an action for damages. When the plaintiff city filed the present action for damages on September 9, 1975, the arbitration proceedings which had been pending for over a year were executory and as such the agreement to arbitrate was revocable at will by either party. Revocation of the agreement to arbitrate was inherent in the filing of the present action for damages.

In summary, we hold the Kansas Uniform Arbitration Act, K.S.A. 5-401, *et seq.,* does not apply to an arbitration agreement made prior to July 1, 1973. The arbitration agreement in the present case was executed September 10, 1970. The provisions of K.S.A. 5-201, then existing, did not apply to agreements to arbitrate disputes which might arise in the future. Therefore, statutory arbitration was not available to the parties. Where, as in the present case, statutory arbitration is not available, arbitration agreements are governed by the common law rule which permits either party to revoke an agreement to arbitrate at any time prior to the time an award is signed by the appraisers and served on the party. The arbitration award in the present case was not valid and binding. The trial court improperly entered summary judgment for the defendants.

The judgment is reversed and the case is remanded to the district court with instructions to proceed with plaintiff's action to recover damages for breach of the contract to furnish engineering services.