(871 P.2d 855)
No. 69,840

WILLIAM J. BAXTER, *Appellee,* v. JOHN WEITZEL, INC., a Kansas Corporation, *Appellant.*

Petition for review denied 255 Kan. 1000 (1994).

**468**

Opinion filed April 1, 1994.

*Kris J. Kuhn, John C. Nodgaard,* and *Milo M. Unruh,* of Arn, Mullins, Unruh, Kuhn & Wilson, of Wichita, for appellant.

*Eric B. Metz,* of Triplett, Woolf & Garretson, of Wichita, for appellee.

Before GERNON, P.J., BRAZIL and LEWIS, JJ.

GERNON, J.: John Weitzel, Inc., (Weitzel) appeals an order of the district court denying its motion to dismiss the court proceedings in a contract dispute between itself and William J. Baxter, a former employee.

Weitzel retained Baxter as its president pursuant to a written employment agreement dated February 19, 1990. On January 4, 1993, Baxter resigned, to be effective February 1, 1993. Shortly thereafter, a dispute arose between Baxter and Weitzel when Weitzel refused to honor stock options granted to Baxter under the 1990 employment agreement.

Baxter filed suit for breach of contract. Weitzel filed a motion to dismiss on the ground that paragraph 11 of the employment agreement provides that all disputes and controversies between the parties arising under the agreement should be settled exclusively by arbitration.

Paragraph 11 of the employment agreement states: "Any dispute or controversy arising under or in connection with this Agreement, shall be settled exclusively by arbitration, such arbitration to be conducted in Wichita, Kansas in accordance with the rules of the American Arbitration Association then in effect."

Baxter filed a response to Weitzel's motion in which he argued that paragraph 11's arbitration clause was invalidated by K.S.A. 5-401(c)(2) of the Kansas Uniform Arbitration Act. K.S.A. 5-401 states:

"(a) A written agreement to submit any existing controversy to arbitration is valid, enforceable and irrevocable except upon such grounds as exist at law or in equity for the revocation of any contract.

"(b) Except as provided in subsection (c), a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable except upon such grounds as exist at law or in equity for the revocation of any contract.

"(c) The provisions of subsection (b) shall not apply to: (1) Contracts of insurance; (2) *contracts between an employer and employees,* or their respective representatives; or (3) any provision of a contract providing for arbitration of a claim in tort." (Emphasis added.)

A motion to dismiss was argued before the district court on April 9, 1993. In rejecting Weitzel's motion, the court held: (1) K.S.A. 5-401(c)(2) is applicable to the arbitration clause in the employment agreement; (2) K.S.A. 5-401(c)(2) makes the arbitration clause an option only, which is voidable at the will of either party; and (3) Baxter has indicated his intention to void the arbitration clause by filing his petition in the district court. Weitzel appeals this order.

We must first determine whether we have jurisdiction.

Weitzel filed its appeal pursuant to K.S.A. 5-418, which provides:

"(a) An appeal may be taken from: (1) An order denying an application to compel arbitration made under K.S.A. 5-402;

. . . .

"(b) The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action."

K.S.A. 5-402 states, in relevant part:

"(a) On application of a party showing an agreement described in K.S.A. 5-401, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied."

In *Hodes v. Comprehensive Health Associates*, 9 Kan. App. 2d 36, 38, 670 P.2d 76 (1983), this court held: "K.S.A. 5-418(a)(1) and (2) set forth the statutory right to immediate appeal from orders on applications made under K.S.A. 5-402. Appeals may be taken from orders denying applications to compel arbitration and orders granting applications to stay arbitration."

This court further held in *Kansas Gas & Electric Co. v. Kansas Power & Light Co.*, 12 Kan. App. 2d 546, 551, 751 P.2d 146, *rev. denied* 243 Kan. 779 (1988), that "an order denying a motion

to compel arbitration made under K.S.A. 5-402 is appealable as a matter of right." The court went on to say that "K.S.A. 5-418(b) does not require that a party appealing an order denying a motion to compel arbitration meet the requirements for an interlocutory appeal, but provides that the procedure for appeals as a matter of right in civil actions shall apply." 12 Kan. App. 2d at 551. In both *Hodes* and *Kansas Gas & Electric*, the moving party made a proper application under K.S.A. 5-402 to compel arbitration.

The dilemma here is that Weitzel did not file an application to compel arbitration made under K.S.A. 5-402. The motion filed by Weitzel, entitled "Motion To Dismiss With Prejudice," was based solely on theories of contract law and made no mention of K.S.A. 5-402. Weitzel's brief states: "Plaintiff's Response to Defendant's Motion to Dismiss for the first time interjected into these proceedings, the Kansas Uniform Arbitration Act as contained in K.S.A. 5-401, *et seq.*" In *Ten Eyck v. Harp*, 197 Kan. 529, 419 P.2d 922 (1966), the court evaluated the substance of a motion to determine whether it was effectively the same as one of the enumerated motions that would have conferred jurisdiction upon the court. In performing this evaluation the court stated that "[a]lthough the name attached to a pleading is not conclusive, it is to be considered in connection with what was done and the relief sought." 197 Kan. at 533. Similarly, this court in *Caplinger v. Carter*, 9 Kan. App. 2d 287, 290, 676 P.2d 1300, *rev. denied* 235 Kan. 1041 (1984), compared the relief sought under two different motions, stating that "we must look through form to substance."

Weitzel argues that even though its motion to dismiss did not specifically invoke K.S.A. 5-402, the substance of its motion was essentially identical to that of a motion to compel arbitration. It is obvious that the district court based its order upon K.S.A. 5-402, although in form it was an order denying a motion to dismiss rather than an order denying an application to compel arbitration.

Here, the relief sought by Weitzel's motion to dismiss, although not precisely the same as the relief sought by an application to compel arbitration, has the same effect. Weitzel's motion stated that Baxter had "no right or privilege to file suit against the Defendant in the District Court of Sedgwick County, Kansas."

The motion made specific reference to the arbitration clause and quoted the arbitration clause in its entirety as part of the motion. The motion made reference to the fact that a dispute had arisen between the parties in connection with the employment agreement, referred to the arbitration clause, and stated that "the filing of the instant lawsuit is not a permitted procedure by which disputes or controversies arising under or in connection with the said Employment Agreement may be settled."

While the motion did not ask the court to compel the parties to enter arbitration, that is the practical, real-world effect of what would occur. Therefore, we conclude that this court has jurisdiction to consider this appeal.

We must next consider whether the trial court was correct in ruling that the arbitration clause was invalidated by K.S.A. 5-401(c)(2).

Weitzel argues that the arbitration clause in its employment agreement with Baxter is not exempted from the Kansas Uniform Arbitration Act (KUAA) by K.S.A. 5-401(c)(2) because 5-401(c)(2) refers only to labor contracts or collective bargaining agreements and not to contracts between an employer and a single employee. Baxter responds that the plain language of the statute, as well as existing legal precedent, indicates that 5-401(c)(2) refers to all types of employment contracts and that the arbitration clause in his employment agreement is, therefore, invalid.

The scope of the K.S.A. 5-401(c)(2) exception to the KUAA is a matter of first impression for this court. However, the Kansas Supreme Court recently interpreted other aspects of the KUAA and peripherally mentioned 5-401(c)(2) in its decision.

In *Skewes v. Shearson Lehman Bros.*, 250 Kan. 574, 829 P.2d 874 (1992), the court held that the Federal Arbitration Act preempts K.S.A. 5-401 and allows arbitration of tort claims when the arbitration agreement involves interstate commerce. In its discussion of the Kansas law, the court characterized K.S.A. 5-401 as "invalidat[ing] arbitration clauses contained in *employment contracts* and clauses providing for arbitration of tort claims." (Emphasis added.) 250 Kan. at 577. It is important to note, however, that Skewes, a stockbroker registered with the New York Stock Exchange, never questioned the scope of the K.S.A. 5-401(c)(2) exception and so the issue was not argued or briefed

by either party. Given the context of the court's allusion to 5-401 then, its statement that 5-401 invalidates arbitration clauses contained in employment contracts must be considered dicta.

To support its position, Weitzel relies heavily upon a case decided by the Supreme Court of Maryland and two law journal articles. The law journal articles are less than conclusive in that they refer to K.S.A. 5-401(c)(2) only in passing.

The Maryland case, *Wilson v. McGrow, Pridgeon & Co., P.A.*, 298 Md. 66, 467 A.2d 1025 (1983), is a little more relevant. The issue before the court, the "[e]nforceability of a covenant to arbitrate future disputes arising under an employment contract between a professional corporation and an individual" in light of the Maryland Uniform Arbitration Act, 298 Md. at 68, is essentially the same as the issue in this case. The Maryland version of the Uniform Arbitration Act which is very similar, although not identical, to the KUAA, states: "This subtitle does not apply to an arbitration agreement between employers and employees or between their respective representatives unless it is expressly provided in the agreement that this subtitle shall apply." 298 Md. at 68. After a lengthy discussion of the importance of singulars and plurals in the statute's wording, the court decided that the exact scope of the provision could not be discerned from its language alone. 298 Md. at 72. The court then examined the statute's extensive legislative history before concluding that the Maryland legislature intended that only collective bargaining contracts be excluded from the act. 298 Md. at 78.

The legislative history of K.S.A. 5-401 is not extensive, and some of the minutes are unavailable from some of the hearings.

The final version of K.S.A. 5-401 was enacted in 1987. The 1987 revision amended the statute by dividing it into three subsections and by changing the wording "a contract between an employer and employees or between their respective representatives" to "contracts between an employer and employees, or their respective representatives." The main focus of the House and Senate Judiciary Committees' investigations was the tort claims provision. Testimony was entertained from representatives of the Kansas Trial Lawyers Association, the Kansas Bankers' Association, the Kansas Chamber of Commerce and Industry, and the American Insurance Association, who supported the bill's

enactment. No mention was made of the K.S.A. 5-401(c)(2) language in any of the committee minutes.

The legislative history of K.S.A. 5-401(c)(2) is mostly important for what it does not show. In *Wilson*, the Maryland court pointed to lobbying efforts by the State's labor unions to exempt collective bargaining agreements from its Uniform Arbitration Act. 298 Md. at 73. The legislative history of the KUAA, however, indicates no opposition to the bill on the part of organized labor. Although the minutes of the 1973 Senate Judiciary Committee are unavailable, the minutes from each of the other committees that considered the bill and its revisions have been examined. No representative of a labor union testified at any of them. There was no discussion by the committee members of the effect of this provision on labor agreements. It cannot, therefore, be said that the legislature wanted to exempt labor agreements in reaction to strong lobbying pressure. For that reason, the rationale of the Maryland court in *Wilson* is not applicable to our interpretation of K.S.A. 5-401(c)(2).

We note there are differences in the wording of the Maryland and Kansas statutes. First, the Maryland law exempts *an agreement* between employers and employees. A singular agreement between many employers and many employees is a collective bargaining agreement. However, K.S.A. 5-401(c)(2) reads *"contracts* between an employer and employees." (Emphasis added.) Language here indicates that agreements between a singular employer and many employees could encompass both individual employer/employee contracts and collective bargaining agreements. Our conclusion is that, due to this difference in statutory language, *Wilson's* statutory interpretation is not compelling.

" 'It is a fundamental rule of statutory construction to which all other rules are subordinate that the intent of the legislature governs when that intent can be ascertained.' " *Martindale v. Tenny*, 250 Kan. 621, 626, 829 P.2d 561 (1992) (quoting *Director of Taxation v. Kansas Krude Oil Reclaiming Co.*, 236 Kan. 450, 455, 691 P.2d 1303 [1984]). See *Miner v. Farm Bur. Mut. Ins. Co., Inc.*, 17 Kan. App. 2d 598, 604, 841 P.2d 1093 (1992).

"When the legislature revises an existing law, it is presumed that the legislature intended to change the law as it existed prior

to the amendment." *Hughes v. Inland Container Corp.*, 247 Kan. 407, 414, 799 P.2d 1011 (1990).

" 'It is presumed the legislature understood the meaning of the words it used and intended to use them; that the legislature used the words in their ordinary and common meaning; and that the legislature intended a different meaning when it used different language in the same connection in different parts of a statute.' " *Boatright v. Kansas Racing Comm'n*, 251 Kan. 240, 245-46, 834 P.2d 368 (1992) (quoting *Rogers v. Shanahan*, 221 Kan. 221, 223-24, 565 P.2d 1384 [1976]).

"When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be." *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 2.

" 'One of the more common rules of statutory interpretation is that expressed in the Latin maxim *expressio unius est exclusio alterius*, *i.e.*, the mention or inclusion of one thing implies the exclusion of another. This rule may be applied to assist in determining actual legislative intent which is not otherwise manifest, although the maxim should not be employed to override or defeat a clearly contrary legislative intention.' " *State v. Luginbill*, 223 Kan. 15, 20, 574 P.2d 140 (1977) (quoting *In re Olander*, 213 Kan. 282, 285, 515 P.2d 1211 [1973]).

Our reading of the plain meaning of the statutory language leads us to conclude that, since "contracts" and "employees" are plural while "employer" is singular, this suggests that the legislature intended to exempt all employment contracts from the KUAA. The comma added between "contracts between an employer and employees" and "or their respective representatives" in the 1987 revision is important. Without the comma, the "or" could have been read in the conjunctive sense, as if the clause was worded "between an employer and employees and their respective representatives." By adding the comma, the statute separates "employer and employees" from the "respective representatives" and indicates that the "or" should be read in the disjunctive sense. Thus, the "respective representatives" no longer attaches solely to employees, but also applies to employers as well. The exemption applies to contracts between employers, or the employers' representatives, and employees, or the employees' representatives. This is the only logical explanation of the statute, given the statutory language.

The Kansas Supreme Court in *Skewes* characterized K.S.A. 5-401(c)(2) as exempting employment contracts. This interpretation is supported by the clear wording of the statute. There is nothing in the Kansas legislative history to indicate that the intent of the legislature was anything other than what was expressed in the statutory language. The holding of the Maryland Supreme Court in *Wilson* can be easily distinguished from this case on the basis of statutory language and legislative history.

We conclude that K.S.A. 5-401(c)(2) exempts all employment contracts from the KUAA. Given our finding that employment contracts are exempted under K.S.A. 5-401(c)(2), we must then consider the viability of the arbitration clause under the common law.

The common-law rule developed in Kansas prior to the enactment of the KUAA is that "either party may revoke the arbitration agreement at any time prior to the making of an award, even where the parties have entered into an express agreement not to revoke." *City of Lenexa v. C.L. Fairley Constr. Co.,* 245 Kan. 316, 321-22, 777 P.2d 851 (1989). In *City of Beverly v. White, Hamele & Hunsley,* 224 Kan. 386, 389, 580 P.2d 1321 (1978), the court held that where "statutory arbitration is not available, arbitration agreements are governed by the common-law rule which permits either party to revoke an agreement to arbitrate at any time prior to the time an award is signed by the appraisers and served on the party." Furthermore, the court has held that the revocation of an agreement to arbitrate can be implied from one party's refusing to appoint an arbitrator or from filing an action for damages. *Thompson v. Phillips Pipe Line Co.,* 200 Kan. 669, 675, 438 P.2d 146 (1968).

We conclude that the filing of a petition for damages by Baxter effected a constructive revocation of the arbitration clause and that the district court was correct in ruling that Baxter had voided the arbitration clause by initiating his lawsuit against Weitzel.

Affirmed.