(885 P.2d 1273)
No. 71,581

STATE OF KANSAS, *Appellee*, v. ANTHONY G. HOWARD, *Appellant*.

Opinion filed December 9, 1994.

*Reid T. Nelson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*David Lowden*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before RULON, P.J., BRAZIL and GREEN, JJ.

RULON, J.: Anthony G. Howard, defendant, appeals from the sentence the district court imposed following his guilty plea to burglary of a nonresidence, in violation of K.S.A. 1993 Supp. 21-3715(b), and theft, in violation of K.S.A. 1993 Supp. 21-3701(a). We affirm.

At sentencing, the State agreed to recommend Kansas Sentencing Guidelines Act (KSGA), K.S.A. 1993 Supp. 21-4701 *et seq.*, sentences of 20 months for both convictions, with the sentences to run concurrent with the sentence imposed on a separate unrelated charge. The parties agreed that defendant had a criminal history category of E.

Defense counsel argued that the sentences for both the burglary and theft convictions were controlled by the KSGA, which called for presumptive probation. Defendant admitted he was un-

der the supervision of community corrections at the time of these offenses. The court sentenced defendant to 21 months incarceration with 24 months of post-release supervision.

Defendant only appeals from the sentences imposed on the burglary and theft convictions.

Defendant argues the presumptive sentence under the KSGA in this case was probation and the court's imposition of a prison sentence was, therefore, a dispositional departure. According to defendant, because the sentencing court failed to state on the record substantial and compelling reasons for the departure, the court erred under K.S.A. 1993 Supp. 21-4716, and this case must be remanded for resentencing. We disagree.

The State agrees that defendant's convictions fall within presumptive nonprison grid boxes under K.S.A. 1993 Supp. 21-4704 and that a court must have substantial and compelling reasons to impose a departure sentence. The State argues, however, that the sentences imposed in this case were not departure sentences under K.S.A. 1993 Supp. 22-3716(b), because defendant committed these crimes while on probation.

This case involves an interpretation of the KSGA. Interpretation of a statute is a question of law. *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993). Therefore, this court's review of the case is unlimited. See *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

Burglary of a nonresidence, as defined in K.S.A. 1993 Supp. 21-3715, is an offense severity level 7, nonperson felony. The theft defendant was convicted of was a severity level 9, nonperson felony. K.S.A. 1993 Supp. 21-3701. Consequently, the presumptive sentence for defendant would be 19 to 23 months of a nonprison sanction. K.S.A. 1993 Supp. 21-4704(a). Under K.S.A. 1993 Supp. 21-4716, the district court shall impose the presumptive sentence unless the court finds substantial and compelling reasons for a departure and states those reasons on the record.

K.S.A. 1993 Supp. 22-3716(b) provides that, if a defendant commits a new felony while on assignment to community corrections for a prior offense, the sentencing court shall impose consecutive sentences for the two offenses. Further, "the court

may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction presumes a non-prison sentence. Such action does not constitute a departure." K.S.A. 1993 Supp. 22-3716(b).

Defendant was assigned to community corrections for prior convictions at the time of these offenses. Therefore, the district court's imposition of a prison sentence is this case was not a departure, and the district court did not err.

Affirmed.