(894 P.2d 920)
No. 71,306

STATE OF KANSAS, *Appellee*, v. MICHAES TRIMBLE, *Appellant*.

Opinion filed May 12, 1995.

*Michael J. Helvey*, assistant appellate defender, and *Steven R. Zinn*, deputy appellate defender, for appellant.

*Jennifer M. Wieland*, assistant county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before LARSON, P.J., GREEN, J., and DONALD L. WHITE, District Judge Retired, assigned.

LARSON, J.: Michaes Trimble appeals the trial court's ruling converting his sentences to a prison term rather than probation under the Kansas Sentencing Guidelines Act (KSGA).

Trimble pled guilty to two counts of burglary, class D felonies, in violation of K.S.A. 21-3715, in Harvey County on September 14, 1990. He committed the burglaries while on parole from sentences previously imposed in Cloud County. The Harvey County court imposed concurrent sentences of 3 to 10 years on each of the two counts, but ordered them to be served consecutive to the Cloud County sentences.

The Department of Corrections (DOC) sentencing guidelines report determined Trimble's indeterminate sentence of 18 to 58 years for 32 burglary convictions, 4 theft convictions, and 2 aggravated juvenile delinquency convictions could properly be converted to a guidelines sentence of 42 months based upon a criminal history of 6 burglaries, 4 thefts, and 1 aggravated juvenile delinquency conviction. Among the convictions subject to conversion were the two from Harvey County.

The Harvey County Attorney filed written objections and an amendment thereto, contending sentencing for the Harvey County offenses should have considered 26 prior nonperson felonies.

The trial court held a hearing and converted Trimble's sentences for burglary in Harvey County to 23 months with potential good time credit of 4.6 months and 12 months of postrelease supervision. The trial court then made a dispositional departure and ordered that Trimble spend his sentence in prison rather than on probation.

To justify this departure, the trial court stated:

"[T]he Defendant was on State parole from Cloud County at the time these burglaries, and numerous other burglaries (23 altogether), were committed. The Court would find that the Defendant was not amenable to probation supervision and, therefore, a dispositional departure would be Ordered. The court further finds that, under the Sentencing Guidelines, it is not a departure, when someone is on probation or parole, to send them to prison, and the Court notes this might be applicable."

Trimble raises three arguments on appeal, contending that (1) converting his sentence to a prison term rather than probation constitutes a dispositional departure under the KSGA; (2) he did not have proper notice required by the statute that a departure was going to be considered; and (3) there were not substantial and compelling reasons to support the departure.

The State responds by contending that K.S.A. 1993 Supp. 21-4724 does not require the release of a defendant on probation after the conversion of his or her sentence and that K.S.A. 1993 Supp. 22-3716(b) allows the trial court to deny Trimble probation without classifying it as a departure because he committed the crimes at issue while on parole from other offenses.

A "dispositional departure" is defined by K.S.A. 1993 Supp. 21-4703(h) as "a sentence which is inconsistent with the presumptive sentence by imposing a nonprison sanction when the presumptive sentence is prison or prison when the presumptive sentence is non-imprisonment."

The "presumptive sentence" is "the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the current crime of conviction and the offender's criminal history." K.S.A. 1993 Supp. 21-4703(r).

In order to be eligible for retroactive application of the sentencing guidelines, Trimble must fall within a presumptive nonimprisonment grid block. See K.S.A. 1993 Supp. 21-4724(b)(1). However, it appears conversion of Trimble's sentence to an imprisonment sanction rather than a nonimprisonment sanction is a dispositional departure.

The State contends there is no dispositional departure. First, the State argues that K.S.A. 1993 Supp. 21-4724 converts only the duration of sentences being served and does not convert them from imprisonment to probation. The basis for this argument is language from *Phillpot v. Shelton*, 19 Kan. App. 2d 654, Syl. ¶ 8, 875 P.2d 289 (1994), that "a defendant is to serve a bifurcated sentence—incarceration followed by postrelease supervision." The State takes this statement out of context and argues that in order for a converted sentence to have both an imprisonment and a postrelease supervision component, the sentence must be served in prison rather than on probation. Correctly viewed, *Phillpot* merely considered and rejected the argument that time spent in prison under the prior sentence should satisfy both the prison and postrelease supervision portions of the converted guidelines sentence. See 19 Kan. App. 2d at 661.

The State next argues that nothing in the retroactivity provision of the sentencing guidelines contemplates the release of a prisoner on probation. This is not correct. K.S.A. 1993 Supp. 21-4724(e) provides: "If a sentence is converted as provided by this section, then all the rights and privileges accorded by the Kansas sentencing guidelines act shall be applicable." This incorporates the mandate found in K.S.A. 1993 Supp. 21-4716(a) that the sentencing judge must impose the presumptive sentence absent substantial and compelling reasons to impose a departure.

The State's final argument is that converting Trimble's sentence to a prison sanction is not a departure because the crimes at issue were committed while he was on parole from previous offenses. K.S.A. 1993 Supp. 22-3716(b) is the cited authority for this contention because it provides in relevant part:

"When probation is revoked due to a conviction for a new felony, a consecutive sentence is mandated . . . . In this case, the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction presumes a nonprison sentence. Such action does not constitute a departure."

Since K.S.A. 1993 Supp. 22-3716(b) applies to a crime committed while on release to community corrections, we have recently held that in such cases the court may sentence the offender to

imprisonment for the new conviction without a departure even when the new crime of conviction presumes a nonprison sentence. *State v. Howard,* 20 Kan. App. 2d 252, Syl. ¶ 2, 885 P.2d 1273 (1994). Even though Trimble was on parole, not probation or community corrections, the State contends this provision should apply. According to the State, since K.S.A. 1993 Supp. 21-4608(c) requires consecutive sentencing for crimes committed while on probation, community corrections, parole, or conditional release, the legislature must have intended K.S.A. 1993 Supp. 22-3716(b) to apply in the same circumstances.

However, the difference in language between the two provisions illustrates the legislature could have explicitly provided that it was not a departure to impose a prison sanction when the crime was committed while on parole but, as to the law applicable in this case, did not do so. The legislature did so provide on March 24, 1994, when amendments to K.S.A. 1993 Supp. 21-4603d became effective:

"When a new felony is committed while the offender is incarcerated and serving a sentence for a felony or while the offender is on probation, assignment to a community correctional services program, parole, conditional release, or postrelease supervision for a felony, a new sentence shall be imposed pursuant to the consecutive sentencing requirements of K.S.A. 21-4608, and amendments thereto, and the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure." K.S.A. 1994 Supp. 21-4603d(a).

This statute was not in effect at the time of Trimble's sentence conversion.

"When the legislature revises an existing law, it is presumed that the legislature intended to change the law as it existed prior to the amendment. Furthermore, it is presumed that the legislature understood the meaning of the words it used and intended to use them, that the legislature used the words in their ordinary and common meaning, and that the legislature intended a different meaning when it used different language in the same connection in different parts of a statute." *Baxter v. John Weitzel, Inc.,* 19 Kan. App. 2d 467, Syl. ¶ 5, 871 P.2d 855 (1994).

At the time of Trimble's sentence conversion, the only circumstance in which converting him to a prison sentence would not have been a departure would have been if he had been on pro-

bation or community corrections at the time he committed the crimes subject to conversion. He was not. He was on parole and, therefore, we hold the trial court's sentence to imprisonment constituted a departure.

Trimble argues the record reveals no motion for a departure from the State and the court departed of its own volition. K.S.A. 1993 Supp. 21-4718(b) states: "If the court decides to depart on its own volition, without a motion from the state or the defendant, the court must notify all parties of its intent and allow reasonable time for either party to respond if they request."

In its notice opposing sentence modification, the State objected to the criminal history classification and objected to modification of Trimble's sentence. In its amended notice, the State requested

"that Sentence not be modified as requested by the Defendant . . . based upon the fact that the Defendant has shown an inability to conform himself to societal standards, the fact that he is unable to learn from the conditions imposed and the sentences given to him on prior criminal activity, and the danger he poses to the community through his continued victimization of innocent citizens."

Clearly, the relief sought by the State could not be granted absent a departure from the presumptive nonprison sentence Trimble would receive under the guidelines as retroactively applied. It is apparent that although the State did not style its motion as one requesting departure, that was the relief it notified the defendant and the court it was seeking. In addition, the State requested consideration of whether the court would have departed at the time of sentencing had the guidelines been in effect at that time. Consequently, K.S.A. 1993 Supp. 21-4718(b) is not applicable.

Additionally, during the conversion hearing when the court stated it intended to impose a dispositional departure, neither party requested time to respond. Trimble's appointed counsel denied that he knew that departure would be an issue prior to the conversion hearing, but told the court "I really don't have any major objection to be—I guess no objection to it being submitted to me now because I don't think it makes any difference." Trimble's counsel proceeded to argue against a departure based on the fact that none of the nonexclusive factors listed by the KSGA pertained

to the crimes at issue. Therefore, even if K.S.A. 1993 Supp. 21-4718(b) would be held to apply, the trial court did not err in continuing with the hearing and in making the judgment entered.

Finally, we consider if the trial court found "substantial and compelling" reasons for the departure and noted these reasons of record at the time of sentencing. See K.S.A. 1993 Supp. 21-4716(a). Our review of a departure sentence on appeal is limited to "whether the sentencing court's findings of fact and reasons justifying a departure: (1) Are supported by evidence in the record; and (2) constitute substantial and compelling reasons for departure." K.S.A. 1993 Supp. 21-4721(d).

The trial court specifically said its reason for imposing a dispositional departure was because Trimble was on parole at the time he committed the string of burglaries for which he was convicted. The trial court held Trimble was not amenable to probation supervision. Although K.S.A. 1993 Supp. 21-4716(b)(2) does not list the fact a defendant committed dozens of burglaries while on supervised parole as one of the nonexclusive aggravating factors that may be considered in determining whether to order a departure sentence, we hold these factual findings, based on substantial and competent evidence, are substantial and compelling reasons to justify the trial court's ordered departure.

Trimble argues that by considering his offenses both as criminal history and aggravating factors justifying departure, these offenses are impermissibly counted against him twice. Trimble argues that *State v. Geddes*, 17 Kan. App. 2d 588, 841 P.2d 1088 (1992), *rev. denied* 252 Kan. 1094 (1993), which related to enhancement of crimes under the Habitual Criminal Act, would prohibit such consideration. We hold *Geddes* is factually different and not applicable authority.

The trial court did not depart because of the offenses making up part of the criminal history but because Trimble had demonstrated a propensity to continue to commit a large number of crimes while on supervised release. Many of the crimes were committed prior to and many subsequent to the time of the crimes committed in Harvey County.

We hold the trial court made a dispositional departure that was supported by findings of fact from the evidence in the record and justified by substantial and compelling reasons as a matter of law.

Affirmed.