**Michaes TRIMBLE, Petitioner,**

v.

**STATE OF KANSAS, et al., Respondents.**

**No. 96–3254–DES.**

United States District Court,
D. Kansas.

May 16, 1996.

---

Michaes Trimble, Ellsworth, KS, Pro Se.

Timothy G. Madden, Kansas Department of Corrections, Topeka, KS, for State of Kansas, Charles Simmons, Attorney General of Kansas.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 by an inmate housed at the Ellsworth Correctional Facility, Ellsworth, Kansas. The petitioner sought expedited review of his claim, and the court, after reviewing the petition, heard oral argument in this matter on May 15, 1996, receiving the respondents' Answer and Return (Doc. 2) at that time. Having examined the record and considered the parties' statements during argument, the court makes the following findings and order.

*Factual Background*

Petitioner has a lengthy criminal history and was convicted and sentenced prior to July 1, 1993. Following the adoption of the Kansas Sentencing Guidelines Act ("KSGA"), K.S.A. 21–4701 et seq., petitioner's indeterminate sentences were converted to a single, determinate sentence.

Petitioner was released from confinement on February 15, 1994, pursuant to a certificate of postrelease supervision which advised him that he remained under the jurisdiction of the Kansas Parole Board and the Secretary of the Kansas Department of Correc-

tions until the expiration of the period of postrelease supervision.

Petitioner absconded from supervision and committed new criminal conduct in Florida for which he was convicted and sentenced. In September 1994, the Secretary of the Kansas Department of Corrections issued a fugitive warrant for petitioner, and the warrant was lodged as a detainer with the Florida Department of Corrections. Upon petitioner's release from custody in Florida, he was returned to the custody of the Kansas Department of Corrections.

Following the conversion of his Kansas sentence, petitioner appealed the imposition of a prison term, rather than a presumptive term of probation, as an improper departure from the guidelines provisions. Upon review, the Kansas Court of Appeals affirmed the trial court's finding that defendant was not suitable for probation. *State v. Trimble,* 21 Kan.App.2d 32, 894 P.2d 920 (1995). Both parties sought review from that order, and, by its order of March 8, 1996, the Kansas Supreme Court dismissed the petition for review as improvidently granted, finding the parties' claims were moot. Noting that little information was available at the time of oral argument concerning petitioner's exact circumstances, the Kansas Supreme Court stated:

> "We must conclude on the record before us that Trimble had served the modified guidelines sentence in this case prior to his release on February 15, 1994. The record does not reflect the sentence Trimble is presently serving in Florida, but even if he is returned to Kansas, he would no longer be subject to the sentence in the present case. For that reason, the issues raised by the parties are moot." (Doc. 2, Ex. 12, p. 5).

Respondents did not seek reconsideration of the decision of the Kansas Supreme Court. At the time this decision was issued, petitioner remained incarcerated in the custody of the Kansas Department of Corrections. He apparently first sought release based on the decision through informal contact with departmental authorities and then filed an emergency habeas corpus petition with the Kansas Supreme Court on April 18, 1996.

That court issued an order on May 3, 1996, at which time respondents were granted to and including June 1, 1996, to file a response. Petitioner then commenced this action.

*Discussion*

█ Simply stated, the issue in this matter is whether petitioner is entitled to immediate release. Petitioner contends, based upon the statement of the Kansas Supreme Court, that his sentence is fully expired and no lawful basis for his custody remains, while respondents contend the statement of the Kansas Supreme Court referred only to the prison component of petitioner's sentence. Respondents contend petitioner is not eligible for release until May 23, 1996.

█ A threshold issue is whether the petitioner has exhausted available state court remedies as contemplated by 28 U.S.C. § 2254(b). It is settled that an inmate must present the issues raised in the federal habeas action to the Kansas courts either by direct appeal or by the state postconviction process of K.S.A. 60–1501 or K.S.A. 60–1507. *See Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Before proceeding in a federal action, a petitioner must present the issues in the state courts in a posture allowing full and fair consideration. *Smith v. Atkins,* 678 F.2d 883, 885 (10th Cir.1982). However, it is equally settled that an inmate need not pursue exhaustion where circumstances render state remedies ineffective. *Duckworth v. Serrano,* 454 U.S. 1, 3–4, 102 S.Ct. 18, 19–20, 70 L.Ed.2d 1 (1981) (per curiam). Because this case presents the unusual situation of an inmate whose claims almost surely will not be considered by the state court until any possibility of meaningful relief has passed, the court finds federal review should not be denied.

The arguments of the parties require the court to determine the effect to be given to the statements of the Kansas Supreme Court concerning petitioner's sentence. The parties agree that a "sentence" under the KSGA includes both a term of incarceration and a period of postrelease supervision. K.S.A. 21–4703(m) and (p). The opinion of the Kansas Supreme Court discusses both components in its evaluation of the conversion of petitioner's indeterminate sentences, yet the decision explicitly rejects any possibility that petitioner could again be incarcerated if he were returned to Kansas. In light of the plain language of the opinion of the Kansas Supreme Court that petitioner would not be subject to the sentence if returned to this state and its decision that the matter was moot, only a strained reading could yield the result advanced by respondents, namely, that petitioner remains under postrelease supervision. The court therefore concludes the petitioner must be afforded the benefit of the uncontested ruling of the Kansas Supreme Court that his sentence is fully expired.

IT IS THEREFORE ORDERED the petition for habeas corpus is granted.

IT IS FURTHER ORDERED the Kansas Department of Corrections shall release petitioner immediately.