(960 P.2d 261)
No. 77,828

STATE OF KANSAS, *Appellee*, v. TIMOTHY MEYER, *Appellant*.

Opinion filed June 5, 1998.

*Ryan Kipling Elliot*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Bret Lawson*, assistant county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before LEWIS, P.J., RULON, J., and JACK A. MURPHY, District Judge, assigned.

LEWIS, J.: Defendant Timothy Meyer broke into several churches in Coffeyville and committed theft and vandalism. He was ultimately arrested for the crimes and pled guilty to three counts of burglary under a plea agreement. The crimes with which defendant was charged were in grid box C-VII, which called for presumptive probation 29-27-25 months. K.S.A. 1997 Supp. 21-4704. The trial court, however, departed upwardly and sentenced defendant to a controlling term of 27 months in the custody of the Secretary of Corrections. Defendant appeals.

The basis of defendant's appeal is that the trial court erred in departing upward. We do not agree.

Our standard of review requires us to determine whether the reasons given by the trial court to support the departure were substantial and compelling and are supported by substantial competent evidence. *State v. Salcido-Corral*, 262 Kan. 392, 411, 940 P.2d 11 (1997).

Apparently, the trial court gave written notice to both parties of its intention to impose a departure sentence. This written notice, we assume, set forth the reasons to support the departure. There

appears to be some question as to whether the reasons given originally to the parties were the same reasons ultimately used. However, we cannot determine that issue. The letter from the trial court is not a part of the record on appeal. In the absence of that letter, we can only assume that the reasons given by the trial court prior to and at the time of sentencing were the same. " 'An appellant has the burden of furnishing a record which affirmatively shows that prejudicial error occurred in the trial court. In the absence of such a record, an appellate court presumes that the action of the trial court was proper.' " *State v. Richardson*, 256 Kan. 69, 84, 883 P.2d 1107 (1994).

There are reasons given for departure in the trial court's journal entry, and there were reasons given by the trial court in a written notice to the parties. However, it is established law in Kansas that "[t]he court's comments at the time of sentencing govern as to the reasons for departure." *State v. Gideon*, 257 Kan. 591, 623, 894 P.2d 850 (1995). As a result, the only comments which we are interested in examining are those set forth in the transcript of the sentencing.

At the time of sentencing, the trial court set forth its findings of fact to support its intent to depart as follows:

"Now, as I stated to you in my letter, it was my intention to depart from the presumption of probation and to do that the Court must make findings of facts on the record to support such departure. The findings of fact that I make are as follows:

"No. 1. This defendant, uh, we tried—we inquired about placement by the Labette County Conservation Camp. And, uh, Ms. Bell, was that you that inquired about that for me?

"MS. BELL: That is correct, Your Honor. He was not accepted due to medical reasons.

"THE COURT: All right. And, uh, okay, and you sent me a copy of the letter that the camp administrator had sent to you. That's part of the file here—

"MS. BELL: That's correct.

"THE COURT: —indicating that that was, uh, a condition that would keep him out of the camp; that's finding of fact number one. We've inquired of Labette County Conservation Camp; they will not accept him for medical reasons.

"Finding of fact No. 2 is that this young man at the present time—excuse me—has six burglaries, uh, committed six burglaries or was charged with six burglaries in, uh, the present case; three of which he now stands convicted of and

nine others in Labette County, and would not appear to be amenable to probation supervision, but beyond that the Court notes and makes a finding of fact that only for criminal history purposes only two, I believe, of those burglaries factor into the sentence that is imposed today as they are all nonperson felonies. He's—he's at 7-C; one person and one nonperson felonies. Therefore, uh,—where's the—where's the person felony, Ms. Cash?"

We conclude that on the whole, the reasons given by the trial court are substantial and compelling reasons and support his departure sentence. The fact that defendant was not admitted to Labette is not a departure factor, but his nonamenability to probation is.

"The final analysis is not whether any departure factor, in isolation, *can* be a substantial and compelling reason for departure but whether, *as a whole*, the factors are substantial and compelling reasons for imposing a departure sentence in this case in light of the offense of conviction, the defendant's criminal history, and the purposes of the sentencing guidelines." *State v. Grady*, 258 Kan. 72, 89, 900 P.2d 227 (1995).

We hold the trial court's finding that defendant was not amenable to probation supervision was a substantial and compelling reason to justify the departure sentence and was supported by substantial competent evidence. In this regard, we follow *State v. Trimble*, 21 Kan. App. 2d 32, Syl. ¶¶ 5, 6, 894 P.2d 920 (1995).

Defendant's record is incredible. In addition to defendant's three convictions from Montgomery County, he has nine additional burglary convictions from Labette County. In *State v. Hawes*, 22 Kan. App. 2d 837, 840, 923 P.2d 1064 (1996), we said that "defendant's excessive nonperson felonies show only that defendant is a persistent criminal." We do not believe the statement in *Hawes* went far enough as applied to defendant here. Not only do the excessive convictions show that defendant is a persistent criminal, it also shows he is an unremorseful criminal who has not been rehabilitated and from whom society requires protection. We cannot believe the legislature intended to make it impossible for trial courts to put career criminals with 9 to 12 felony convictions on perpetual probation. To release the defendant in this case on probation would have similar results to having the fox guard the hen-

house. We conclude that neither society nor the judicial system would benefit from such a decision.

If the trial court finds and the record suggests that putting a defendant on probation is exposing the public to more crime and is a waste of time, what can be done? The trial court can see to it that the public is protected for awhile and that the persistent and unremorseful criminal is punished. If the criminal is not amenable to probation, an upward departure is warranted and exemplary. The dissent appears to argues that we can no longer imprison a career criminal so long as that career is devoted to thefts and burglaries. We cannot believe our law has reached such a state.

We hasten to state that this opinion does not approve a departure based simply on the number of convictions a defendant may have. A departure based solely on a defendant's criminal record is doubtful, while one based on a defendant's nonamenability to probation is not.

Finally, defendant argues that the sentence pronounced by the court was ambiguous and illegal. We do not agree. This court understands the sentence, as does the Department of Corrections. We assume defendant's counsel has explained it to him. We see nothing illegal or ambiguous about the sentence.

Affirmed.

MURPHY, J., dissenting: I respectfully dissent. No matter how desirable it might be for the protection of the community to imprison a repetitive offender, it does not appear that a basis was established under either the Kansas Sentencing Guidelines Act (KSGA) or case law for a dispositional departure in this case. The majority relies on *State v. Trimble*, 21 Kan. App. 2d 32, Syl. ¶¶ 5, 6, 894 P.2d 920 (1995), in support of granting a departure based on nonamenability to probation supervision. In *Trimble*, as here, the defendant had numerous prior convictions and was being sentenced on a presumptive probation offense. The trial court found that Trimble was on probation when he committed the subject offense and, thus, was not amenable to probation.

The present case is more in line with *State v. Hawes*, 22 Kan. App. 2d 837, 840, 923 P.2d 1064 (1996). Hawes also had numerous

prior convictions but was not on probation at the time of the offense for which he was being sentenced. The trial court departed upwards based on the number of the defendant's prior convictions. This court vacated and remanded, finding that the excessive number of nonperson felony convictions show only that the "defendant is a persistent criminal."

In the present case, defendant was not on probation at the time he committed the offenses in question. Nothing appears in the sentencing transcript and departure proceedings to indicate how he performed on probation in the past. Other than the number of prior convictions, there is an absence of facts to establish nonamenability to probation.

In addition to the trial court's findings of fact set forth in the majority opinion, the trial court also found:

"The point I'm trying to make for purposes of figuring where he ends up on the grid we have relied only on one burglary from Parsons and any of these other burglary convictions, for which are number 11, so there's 10 burglaries here that have not, uh, been utilized or acknowledged or recognized by the grid; that's a finding of fact. Burglaries that don't factor into the scoring are viable, substantial and compelling reasons to depart dispositionally from presumptive probation. I have cited other factors in the letter of June 12, 1996, to both of you. However, I am only relying on these two facts that I've just stated as a reason for departure. I am not relying on anything else that I've stated in that letter as a compelling reason to depart. I think those two factors are compelling enough. For that reason, I'm going to depart dispositionally from the presumption of probation and place him in the custody of the secretary of corrections."

The trial court's finding that the number of defendant's prior convictions exceeded the number to place him in a particular grid box finds no support in the KSGA. It does not appear from the legislative history of the KSGA that the intent was to allow departures solely on the number of prior convictions; to do so would introduce ambiguity as to the number or type of crimes justifying removal from the grid box sentence. The exercise of judicial discretion in such cases appears to be precluded by the KSGA. Therefore, I would remand for resentencing.