(35 P.3d 944)

No. 84,796

STATE OF KANSAS, *Appellee*, v. DONALD JAMES BAUM, *Appellant*.

Opinion filed December 14, 2001.

*Randall L. Hodgkinson*, deputy appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

No appearance by the State.

Before GREEN, P.J., KNUDSON, J., and STEPHEN D. HILL, District Judge, assigned.

KNUDSON, J.: Donald James Baum appeals from the imposition of a departure sentence after pleading nolo contendere to attempted sexual exploitation of a child, a severity level 7 person felony. See K.S.A. 2000 Supp. 21-3516; K.S.A. 21-3301(c).

On its own motion, the sentencing court imposed a dispositional departure because during the presentence investigation Baum denied committing any crime. Dr. Carolyn Huddleston, a psychologist, testified at the departure hearing that Baum's protestation of innocence ruled him out as a candidate for participation in a sex offender program and without such participation Baum remains a danger to society.

Two issues are raised on appeal: (1) Are there substantial and compelling reasons to support a departure; (2) does the finding of an aggravating factor with imposition of a dispositional departure sentence violate Baum's constitutional rights under the Sixth and Fourteenth Amendments?

Before turning to a discussion of the issues and the rationale in support of our decision, we must express our consternation regarding the State's failure to file an appellate brief. There are substantial issues presented in this appeal. The State's indifference may suggest a lack of confidence in the sentence imposed. See *Zapata v. State*, 14 Kan. App. 2d 94, 99, 782 P.2d 1251 (1989). We would add a further concern that such indifference is inconsistent with an attorney's duties to the court and client.

We must first consider whether there is a substantial and compelling reason to support the district court's decision to impose a dispositional departure sentence. We begin with a summary of the proceedings below.

Baum was initially charged with aggravated indecent liberties with a child, contrary to K.S.A. 21-3504(a)(3)(A), a severity level 3 person felony. Under a plea agreement, the charge was subsequently amended to attempted sexual exploitation of a child under K.S.A. 2000 Supp. 21-3516 and K.S.A. 21-3301(c). Baum's criminal history is E. Aggravated indecent liberties would have carried a presumptive sentence of imprisonment between 82 to 92 months, whereas for attempted sexual exploitation of a child the presumptive sentence was probation with an underlying sentence of 19 to 23 months. K.S.A. 2000 Supp. 21-4704(a).

During the plea hearing, the State indicated it would not seek a departure. The court thoroughly questioned Baum on his understanding of the plea process, the potential penalties for the crime,

and his satisfaction with counsel, and the court informed Baum that it had authority to move for a departure notwithstanding the State's announcement.

Baum stated an intent to plead nolo contendere to the amended charge. We note the court erroneously informed Baum he would waive his Fifth Amendment rights against self-incrimination once he entered a nolo contendere plea to the charge. See *State v. Longobardi*, 243 Kan. 404, 409, 756 P.2d 1098 (1988).

The State submitted the following factual basis to support the charge and plea:

"Your honor, we believe that if evidence were presented it would show that the defendant attempted, of a child under 18 years of age, to perform a sexual act, which was sexually explicit conduct, knowing the character and content but failed or was prevented in the completion of said crime."

The court accepted Baum's plea of nolo contendere, found him guilty, and ordered a presentence evaluation. When completed, the presentence evaluation recommended imposition of the presumptive sentence and completion of a sex offender treatment program during probation.

As part of the presentence investigation, Dr. Carolyn Huddleston, a self-employed, licensed psychologist, evaluated Baum for admittance into a local sex offender treatment program. Dr. Huddleston submitted a written report to the court recommending incarceration rather than probation. Dr. Huddleston's report triggered a departure hearing upon the court's own motion. At the departure hearing, Dr. Huddleston gave the following pertinent testimony:

"Q. . . . [A]s a result of your interviews with the defendant did you make any recommendations for the Court?
"A. Yes, I did.
"Q. What are those recommendations?
"A. He didn't appear to be a candidate for any type of treatment in that he indicated he hadn't done anything, total denial of what he's been accused of which kind of rules him out for being a candidate for sex offender treatment program from the training that I've had. And, if the—I read some papers that [the court service officer] had sent that had to do with the Court, charges and different stuff, and there was a paper from—like a note the little girl had written and when I read that, that had the ring of truth to me. I felt that he

. had done it. If he—based on that assumption that he has done it and that he isn't a candidate for treatment because he totally denies any problem and isn't willing to take a look at any of those issues, then he would be a danger to society since sex offenders are prone to repeat. And, if the person's controls weaken to the point that one incident occurs, typically some other incident is going to occur in the future unless treatment intervenes. So, I recommended his incarceration."

Baum testified that he had done nothing improper and only took the plea because of the reduced charge and presumptive sentence.

In imposing the departure sentence, the district court stated the following findings:

"It will be the order of the Court that the standard sentence of 21 months will be imposed. It will be the further order of the Court that an upward dispositional departure is ordered. The reason for the upward dispositional departure is the conclusion of Dr. Huddleston that Mr. Baum is dangerous to society without treatment and that treatment cannot be adequately provided because of his refusal to acknowledge any need for treatment.

"I note that he is willing to go to treatment for other things. Would be kind of like having appendicitis and going in to have your toenail operated on. It would not affect the problem that you have.

"It is the opinion of the Court that Mr. Baum without treatment, sex offender treatment, is of high probability to reoffend because he is not susceptible to treatment at this time."

Under the uncontroverted facts, the issue we must resolve is whether Baum's refusal to admit guilt is a substantial and compelling reason to support imposition of a departure sentence.

Whether the sentencing court adequately articulated the required reasons to support the upward dispositional departure is subject to de novo review. The court must state on the record at the time of sentencing the substantial and compelling reasons for the departure. The court's comments at the time of sentencing govern as to the reasons for departure. *State v. Jackson*, 262 Kan. 119, 135, 936 P.2d 761 (1997).

"The term 'substantial' means something that is real, not imagined, something with substance and not ephemeral. The term 'compelling' implies that a court is forced, by the facts of a case, to leave the status quo or go beyond what is ordinary." *State v. Eisele*, 262 Kan. 80, 84, 936 P.2d 742 (1997).

We acknowledge that a defendant's unamenability to probation, when that fact has been supported by the underlying circumstances, has been held to be a substantial and compelling reason supporting a departure sentence. See *State v. Meyer*, 25 Kan. App. 2d 195, 197, 960 P.2d 261, *rev. denied* 265 Kan. 888 (1998).

It is indisputable Baum would have been placed on probation but for his protestation of innocence. Conversely, an admission of guilt would have been rewarded with probation. Thus, he is to be incarcerated not for what he may have done, but for having the temerity to maintain his innocence. We find this an unacceptable consequence absent any findings that would otherwise support the departure sentence.

We find instructive the reasoning of the Montana Supreme Court in *State v. Imlay*, 249 Mont. 82, 813 P.2d 979 (1991). The defendant, Imlay, was convicted by a jury of sexual assault. He was ordered to enter a treatment program for sexual offenders in lieu of incarceration because he had an extensive history of full-time employment and no prior criminal history. Imlay entered the treatment program and attended a number of sessions before being told by the therapist he no longer qualified for the program as he refused to admit guilt. As a result, the trial court ordered Imlay to serve the underlying sentence.

On appeal, the Montana Supreme Court observed that Imlay's incarceration occurred because the defendant had refused to admit guilt. The court held: "While the sentencing judge may take into account his belief that the defendant was not candid with the court this is to be distinguished from the rule that a sentence may not be augmented because a defendant refuses to confess or invokes his privilege against self-incrimination." 249 Mont. at 88-89.

We adopt the reasoning of the *Imlay* court to support its holding. Here, there was no substantial competent evidence presented as to whether Baum committed the underlying criminal offense. Additionally, the trial court did not find Baum was not candid. We conclude there has been no showing of substantial and compelling reasons to support the dispositional departure sentence imposed by the court.

Our ruling makes unnecessary a determination of whether a upward dispositional departure is unconstitutional under *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001).

Sentence vacated and case remanded for resentencing.