NOT DESIGNATED FOR PUBLICATION

No. 116,933

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY P. YOUNG,
*Appellant*.


MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK, JR., judge. Opinion filed February 2, 2018. Affirmed.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, associate solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before POWELL, P.J., STANDRIDGE, J., and STUTZMAN, S.J.


PER CURIAM:  Timothy P. Young pled guilty to one count of possession of marijuana with intent to distribute, a severity level 4 drug nonperson felony, and one count of driving while a habitual violator, a class A misdemeanor. The district court granted a downward durational departure and imposed a 24-month prison sentence. On appeal, Young argues the district court abused its discretion by denying Young's motion for a dispositional departure to probation and instead only granting him a downward durational departure. Finding no abuse of discretion, we affirm.

FACTS

Young was charged with possession of more than 25 grams but less than 450 grams of marijuana with the intent to distribute (a severity level 3 drug nonperson felony); possession of marijuana; no drug tax stamp; possession of drug paraphernalia; driving while his license was canceled, suspended, or revoked; and driving while a habitual violator. Young pled no contest to possession of less than 25 grams of marijuana with the intent to distribute (a severity level 4 drug nonperson felony) and driving while a habitual violator. After Young's criminal history score came back higher than he expected, he moved to withdraw his plea prior to sentencing. The district court granted the motion and allowed Young to withdraw his plea.

While on bond in this case, Young was arrested for driving under the influence and possession of marijuana in Shawnee County, Kansas. Following a hearing, Young was placed back on bond in this case with the additional condition that he follow the conditions of his bond in Shawnee County.

After plea negotiations, Young pled no contest to possession of less than 25 grams of marijuana with the intent to distribute and driving while a habitual violator. Given the severity level of the crime and his criminal history score of C, the presumptive sentence range for Young's conviction was 37 to 42 months in prison. Before sentencing, Young filed a motion asking the district court to grant him a dispositional, or alternatively a durational, departure. Young listed the following mitigating factors to support his request for a departure sentence: (1) his criminal history was all related to the use of alcohol and drugs; (2) the marijuana found on him was "not packaged for resale"; (3) his criminal history established that he had an addictive tendency toward alcohol and drug use, and the goal of the State of Kansas is to rehabilitate drug users rather than incarcerate them; (4) he was receiving drug treatment and was in good standing with his probation officer in a Shawnee County case; (5) he had "put forth a tremendous effort in rehabilitating

himself during the pendency of this action"; and (6) he acknowledged responsibility for his actions by entering a plea of no contest to two charges. Following arguments from the parties at sentencing, the district court denied the motion for dispositional departure to probation but granted a downward durational departure, imposing a 24-month prison sentence and 24 months of postrelease supervision.

ANALYSIS

On appeal, Young argues the district court erred in denying his motion for dispositional departure to probation and instead granting only a durational departure. A defendant may appeal the grant of a downward departure that is less than or different than requested. *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014). An appellate court reviews the extent of a district court's departure sentence for an abuse of discretion. *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting that the district court abused its discretion bears the burden of showing an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). Young does not argue that the district court made a factual or legal error. Thus, he can only succeed on appeal if establishes that no reasonable person would have agreed with the district court's decision.

A district court must impose the presumptive sentence unless it finds that substantial and compelling reasons warrant a departure. K.S.A. 2016 Supp. 21-6815(a). In determining if substantial and compelling reasons for departure exist, "'[t]his court has defined "substantial" as "something that is real, not imagined; something with substance and not ephemeral," while the term "'compelling'" implies that the court is forced, *by the facts of a case*, to leave the status quo or go beyond what is ordinary.'" *State v. Jolly*, 301 Kan. 313, 323, 342 P.3d 935 (2015).

3

Under K.S.A. 2016 Supp. 21-6815(c)(1)-(2), the district court may consider both mitigating and aggravating factors in determining whether substantial and compelling reasons exist for a departure sentence. "Although K.S.A. 21-4716(c) [now K.S.A. 2016 Supp. 21-6815(c)] contains a list of potential departure factors, the list is nonexclusive, and a sentencing court can rely on nonstatutory factors to depart as long as the factors are consistent with the principles underlying the [Kansas Sentencing Guidelines Act]." *State v. Bird*, 298 Kan. 393, 397, 312 P.3d 1265 (2013).

Reiterating the five mitigating factors he originally presented to the sentencing court, Young claims on appeal any reasonable person would consider these factors substantial and compelling enough to grant a dispositional departure to probation. Young further claims that although the marijuana he possessed was in the presumptive range for distribution, the drug was not individually packaged and therefore should be deemed to have been intended for personal use, making his actions less harmful than is typical for the charge.

We agree that the reasons alleged by Young may qualify as compelling factors in support of a departure sentence. See, e.g., K.S.A. 2016 Supp. 21-6815(c)(1)(E) (degree of harm or loss attributed to current crime of conviction was significantly less than typical for such offense); *Bird*, 298 Kan. at 400-01 (among other factors, district court relied on nonviolent nature of past crimes in determining defendant was not threat to society as factor in support of departure); *State v. Crawford*, 21 Kan. App. 2d 859, 861, 908 P.2d 638 (1995) (among other factors, court found rehabilitative efforts may be compelling factor in support of departure). But Young's claim that no reasonable person would have sentenced him to prison is without merit. As pointed out by the State, Young picked up additional drug and alcohol related charges while this case was pending and while he was attending outpatient treatment. This shows a continuation of criminal behavior, not amenability to treatment. See *State v. Trimble*, 21 Kan. App. 2d 32, 38, 894 P.2d 920 (1995) (offenses committed on supervised release may be considered in criminal history

as well as aggravating factors justifying sentence departure as defendant's propensity to continue committing crime).

The district court considered these points raised in determining Young's sentence. The district court stated the "[m]aximum penalty on your crime was 42 months, and that was after you did some bargaining with the county attorney." Based on our review of the record, we conclude Young has failed to establish that the district court's decision was arbitrary, fanciful, or unreasonable. The district court did not abuse its discretion in denying Young's motion for a dispositional departure.

Affirmed.