(28 P.3d 436)
No. 85,238

STATE OF KANSAS, *Appellee*, v. TIMOTHY A. CARR, *Appellant*.

Opinion filed July 27, 2001.

*Cory D. Riddle*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Lesley A. McFadden*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BEIER, P.J., PIERRON, J., and BUCHELE, S.J.

BEIER, J.: Defendant-appellant Timothy A. Carr seeks reversal of his upward dispositional departure sentence for his conviction of criminal possession of a firearm.

Carr was arrested 26 days after his release from the Youth Center in Topeka, where he was serving a sentence arising from an earlier juvenile adjudication on drug charges. Wichita police offi-

cers pulled Carr over after observing him driving without a license tag. When Carr admitted to driving on a suspended license, he was placed in custody and the car was impounded and inventoried. The police recovered a stolen revolver from the passenger compartment.

Carr and the State entered into a plea agreement under which the State agreed to recommend the mid-range sentence in the applicable grid box, no fine, and probation under the guidelines presumption.

At sentencing, the district judge stated Carr had a criminal history score of E and criminal possession of a firearm was a severity level 8 offense. After verifying that neither side disputed the criminal history score or the offense severity level and soliciting comments from Carr, his lawyer, and the prosecutor, the district judge immediately and without notice pronounced a dispositional departure sentence of 15 months' imprisonment. The judge stated Carr was "not amenable to rehabilitation" and noted the firearms offense occurred shortly after Carr's release from the Youth Center. The judge also said Carr had failed at juvenile probation and had a lengthy criminal history of drug possession. He authorized placement at Labette Correctional Conservation Camp if Carr was willing to go and the facility accepted him. The transcript contains no subsequent comment or objection from either side.

Our evaluation of the adequacy of the district judge's summary procedure in this case requires interpretation of K.S.A. 21-4718(b). This is a question of law over which we exercise unlimited review. *State v. Patterson*, 25 Kan. App. 2d 245, 247, 963 P.2d 436, *rev. denied* 265 Kan. 888 (1998).

K.S.A. 21-4718(b) states:

"If the court decides to depart on its own volition, without a motion from the state or the defendant, the court must notify all parties of its intent and allow reasonable time for either party to respond if [it requests]. The notice shall state the type of departure intended by the court and the reasons and factors relied upon."

Carr did not object to lack of notice after the judge's pronouncement of sentence or request a postponement in order to prepare a response or motion for rehearing. He also made no proffer of

the evidence that would have been presented to refute the departure factors, if notice had been sufficient. Ordinarily such omissions bar consideration of the issue on appeal. See *State v. Billington*, 24 Kan. App. 2d 759, 762-63, 953 P.2d 1059 (1998) (defendant had 2 weeks' warning of court's intention to depart and reason for it). However, our review of the transcript of the sentencing hearing in this particular case persuades us that the district judge provided no meaningful opportunity for such an objection, request, motion, or proffer. His mind had been made up before either side was made aware he was even considering departure.

The plain language of K.S.A. 21-4718(b) clearly requires more than Carr and his counsel were provided here. The notice it says the district judge "must" give of his or her intention to depart need not be elaborate; it need not even be in writing; but it must be reasonable in all of the circumstances. At a minimum, this means it must be provided at such a time and with such specificity that the defendant and the State have a fair opportunity to marshal and present their arguments for or against the proposed departure before sentence is pronounced. The inadequacy of the notice of departure requires us to vacate the sentence and remand for resentencing.

Carr also takes issue with the district judge's stated reasons for departure, arguing they were not substantial and compelling as required. This is a question of law subject to de novo review by this court, *State v. Jackson*, 262 Kan. 119, 134, 936 P.2d 761 (1997), and, because it may arise again on remand, we address its merits.

The term "substantial" refers to something that is real, not imagined, something with substance and not ephemeral. The term "compelling" implies that the court is forced, by the facts of the case, to leave the status quo or go beyond what is ordinary. *State v. Eisele*, 262 Kan. 80, 84, 936 P.2d 742 (1997).

Here the district judge stated:

"I'll find that Mr. Carr is not amenable to rehabilitation. His criminal history score, his failure at probation, the fact he couldn't be on probation while a juvenile shows that and the fact that he picked up this charge within five weeks of being released from the Youth Center. Actually, less than that, 26 days after being released from the Youth Center."

A court's comments at the time of sentencing govern as its reasons. *Jackson*, 262 Kan. at 135. Although "[a] defendant's criminal history cannot be used to justify a departure sentence when the sentencing guidelines have already taken the criminal history into account in determining the presumptive sentence," *State v. Hawes*, 22 Kan. App. 2d 837, Syl. ¶ 4, 923 P.2d 1064 (1996), the fact that a defendant is found not to be amenable to probation is, if supported by the evidence, a substantial and compelling reason to justify an upward dispositional departure, *State v. Meyer*, 25 Kan. App. 2d 195, Syl., 960 P.2d 261, *rev. denied* 265 Kan. 888 (1998).

According to Carr's presentence investigation report, he had six juvenile adjudications and five adult convictions between 1994 and 1999. Although there is no explicit record of a violation of probation, the sheer frequency of his convictions permitted the district judge to reason that Carr had been on probation when he committed at least one of his prior offenses.

Carr also argues that the legislature did not include the crime he committed after release from the Youth Center as an aggravating factor under K.S.A. 21-4716(b)(2). This list is nonexclusive, however, and the legislature intended that other circumstances be considered. *State v. Gideon*, 257 Kan. 591, 625, 894 P.2d 850 (1995).

We hold that both the frequency of Carr's past criminal activity and the fact that he was released from the youth facility such a short time before the arrest for his current crime constituted substantial and compelling reasons for departure. Had notice been sufficient, the court's decision to impose a dispositional departure sentence based on those factors would not have required us to vacate and remand.

Carr's final argument is a constitutional challenge under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Since this case was docketed, our Kansas Supreme Court has followed *Apprendi* in a *durational* departure case. See *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001).

In *Gould*, the court declared:

"The Kansas scheme for imposing upward departure sentences, embodied in K.S.A. 2000 Supp. 21-4716, is unconstitutional on its face. Gould received a sen-

tence beyond the statutory maximum based upon a court finding of certain aggravating factors found by a preponderance of the evidence. *Apprendi*, on the other hand requires 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' [Citation omitted.] Any other procedure 'is an unacceptable departure from the jury tradition that is an indispensable part of our criminal justice system.' [Citation omitted.]" 271 Kan. at 413.

Although the Supreme Court stated that the upward departure provision of K.S.A. 2000 Supp. 21-4716 was unconstitutional "on its face," it is difficult to see how a *dispositional* departure such as Carr's fits under the rationale of *Apprendi*. Pending contrary explicit guidance from the Supreme Court, we find *Gould* inapplicable to upward *dispositional* departures. It does not constitute an alternative basis for vacating the sentence in this case. Indeed, we view the Supreme Court's post-*Gould* decision in *State v. McKay*, 271 Kan. 725, 26 P.3d 58 (2001), as implicitly supportive of our reading of *Gould*. In *McKay*, the Supreme Court reached the merits of an upward dispositional departure sentence rather than reversing it immediately as violative of the Sixth and Fourteenth Amendments to the United States Constitution.

Furthermore, our decision on this issue appears philosophically and analytically consistent with that in *State v. Conley*, 270 Kan. 18, 30-35, 11 P.3d 1147 (2000), *cert. denied* 532 U.S. 932 (2001), which held that a district judge's decision to impose a hard 40 sentence did not run afoul of *Apprendi*. In *Conley*, the hard 40 sentence potentially altered the mode of service of the defendant's life sentence, delaying initial parole eligibility from 25 years to 40 years. Here the *dispositional* departure also merely altered the mode of service of Carr's sentence; it did not extend its length. *Gould* did not affect the district judge's power to alter the mode of service of the offender's sentence.

Sentence vacated and case remanded for resentencing consistent with this opinion.