NOT DESIGNATED FOR PUBLICATION

No. 117,503

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRIAN C. NEWMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed May 18, 2018. Appeal dismissed.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM: Brian C. Newman appeals his upward dispositional departure sentence, seeking remand for resentencing to what would be a presumptive probation sentence. At the February 3, 2017 sentencing hearing, the district court ordered Newman to serve eight months in prison on a felony criminal threat conviction consecutive to six months in jail on a misdemeanor battery conviction. Because the record on appeal suggested to us that Newman likely had served those sentences and therefore could not be placed on probation for any sentence he had completed, we issued a show cause order on

April 6, 2018, directing both parties to address whether this appeal should be dismissed as moot.

On April 13, 2018, the State filed a notice of change in custodial status, pursuant to Supreme Court Rule 2.042 (2018 Kan. S. Ct. R. 18), advising this court that Newman had been discharged from his sentence of confinement on September 24, 2017, and successfully had completed his term of postrelease supervision on March 24, 2018. Newman's counsel does not dispute the information provided by the State and, in fact, specifically acknowledges that it is not possible for Newman to receive the relief of resentencing to placement on probation as requested in his brief. See *State v. Kinder*, 307 Kan. 237, 243, 408 P.3d 114 (2018) (defendant cannot be placed on probation after serving sentence of confinement); *State v. Montgomery*, 295 Kan. 837, 844, 286 P.3d 866 (2012). Notwithstanding this acknowledgement, Newman's counsel argues this appeal should be retained based on an exception to the mootness doctrine, which applies when an issue presented on appeal is capable of repetition and raises concerns of public importance. In support of applying the exception, Newman argues the issue presented is an error that resulted from the district court's sua sponte decision to impose an upward dispositional departure. But the court's authority to impose an upward dispositional departure on its own motion is authorized by K.S.A. 2017 Supp. 21-6817(a)(3):

> "If the court decides to depart on its own volition, without a motion from the state or the defendant, the court shall notify all parties of its intent and allow reasonable time for either party to respond if requested. The notice shall state the type of departure intended by the court and the reasons and factors relied upon."

Based on our review of the record, it appears the district court provided the notice required by statute in order to allow Newman and the State to have a fair opportunity to marshal and present their arguments for or against the proposed departure before sentence was pronounced. See *State v. Carr*, 29 Kan. App. 2d 501, 503, 28 P.3d 436 (2001), *aff'd*

2

274 Kan. 442, 53 P.3d 843 (2002). Because it is not possible for Newman to receive the relief of resentencing to placement on probation as requested in his brief, we dismiss his appeal as moot.

Appeal dismissed.