NOT DESIGNATED FOR PUBLICATION

No. 123,619

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

PATRICK CODY WILSON,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed February 25, 2022. Sentence vacated and case remanded for resentencing.

*Thomas R. Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Regina M. Goff*, of Hutchinson, for appellee.

Before BRUNS, P.J., MALONE, J., and RICHARD B. WALKER, S.J.

PER CURIAM:  The State appeals the district court's decision to sua sponte grant Patrick Cody Wilson a durational departure without giving the parties any notice of its intent to grant such a sentencing departure. For the reasons stated below, we vacate Wilson's sentence and remand for resentencing.

FACTS

Four times in late 2018 and early 2019, Wilson sold methamphetamine to a confidential informant (CI). In each exchange, the CI asked to purchase 3.5 grams of

1

methamphetamine. In the last exchange, Wilson borrowed the CI's car to pick up the drugs from another source. Before Wilson could return the car and drugs to the CI, the car broke down within 1,000 feet of an elementary school. Wilson left the drugs for the CI in the disabled car. Based on these events, the State charged Wilson in an amended complaint with distribution of a controlled substance within 1,000 feet of school property, three counts of possession of a controlled substance with intent to sell, and four counts of unlawful distribution of a controlled substance using a communication device.

On October 14, 2020, Wilson pled guilty to all charges. In exchange for his plea, the State agreed to recommend standard, concurrent sentences and not to oppose a dispositional departure. Wilson agreed to waive his right to a direct appeal of the conviction and sentence, pay all costs, and register as a drug offender. Wilson also waived his right to a preliminary hearing, a formal arraignment, and jury trial. The district court took judicial notice of the probable cause affidavits as a factual basis for accepting the plea. The district court ordered a presentence investigation (PSI) report which determined Wilson's criminal history score was E. The PSI report reflected Wilson's primary offense—distribution of a controlled substance within 1,000 feet of school property—called for a presumptive imprisonment of 154-162-170 months.

Before sentencing, Wilson moved the court to impose a dispositional departure sentence. In support of a dispositional departure, Wilson argued that he had 16 months' sobriety; he graduated from outpatient drug treatment; he attended narcotics anonymous meetings every week; he reestablished relationships with his kids; he maintained employment for the last 15 months; and he agreed to participate in any evaluations or requirements of the court. Wilson did not move for a durational departure.

The district court began the sentencing hearing on December 4, 2020, with the following announcement: "The matter comes on today for sentencing. The court hereby gives notice that the court intends or [is] strongly considering a durational departure.

2

There's a motion for a dispositional departure." The district court asked if the parties were ready to proceed, and both parties stated they were ready. The district court then asked for sentencing recommendations from counsel. In the State's response, the prosecutor argued, "I would ask the court not to depart durationally since the parties have agreed and are both asking for a midrange sentence."

After hearing from counsel and Wilson, the district court imposed a controlling sentence of 60 months' imprisonment, a substantial durational departure from the presumptive sentence. The district court also granted Wilson's request for a dispositional departure to probation for 36 months to be supervised by community corrections. The only reason the district court stated on the record for granting the dispositional departure was the State's acquiescence to the request. The district court's main reason for granting the durational departure was the court's belief that Wilson had been overcharged by the State and set up by the CI, based on the probable cause affidavits that had been filed with the case. More specifically, the district judge stated:

> "What happened was, at least it appears from the affidavits I've read, someone
> else got in trouble with the law, they made a deal with the drug unit and they were
> required to make buys from someone. You, generally when people are required to make
> those buys they don't want to turn in their own drug dealer and they don't want to deal
> with someone that they think is dangerous or going to cause them problems. So you were
> the person selected by the informant to buy drugs from.
> "You never had the drugs in your possession because it would appear, based on
> your background and record, there's no way you could get that kind of amounts of drugs.
> They picked the amount to buy of 3.5 grams because that bumps it up to a higher level,
> presumptive prison. And you were called and you had to go over to someone else's house,
> the drug dealer, and pick up the drugs and then bring them back to the informant. I don't
> know what you got paid out of it for. My gut reaction is you probably took it out in drugs
> to use.
> "But not withstanding that fact, the first, they did it on the first day. They came
> back, did it on the second day. Then they waited several months, came back the third

3

time. At that time you were sent to buy 3.5 grams every time so it could be elevated to a higher point.

"At that point you didn't have a way to get to the person selling drugs house so you borrowed the car and your car broke down and it happened to break down within a thousand feet of a school which elevated it up to the Level 1 which is why you're facing the severest penalty that you can possibly face. So—and now you're charged with six charges with anybody looking at, as I said, is going to think that you're a major drug dealer because you got set up by the informant to be the go-between to the person who was capable of selling that amount of drugs."

The district court gave other reasons for granting the durational departure, including the fact that Wilson's past convictions had been based on small amounts of drugs and Wilson had been able to stay off drugs during prior periods that he was supervised on probation. Ultimately, the district judge told Wilson he was imposing "a sentence that I think is appropriate based upon the crimes that I see you committed."

The district court later held two hearings to settle the journal entry as for the court's grounds for granting the durational departure. At those hearings, the district court incorporated the grounds in Wilson's written motion for a dispositional departure. The district court also referred to the "*Crawford*" factors as additional grounds supporting the durational departure. See *State v. Crawford*, 21 Kan. App. 2d 859, Syl. ¶ 2, 908 P.2d 638 (1995). The district court included these grounds for granting the departure sentence in its journal entry of judgment. The State timely appealed Wilson's sentence.

DID THE DISTRICT COURT ERR IN GRANTING A DURATIONAL DEPARTURE?

The State argues the district court erred when it sua sponte granted a durational departure because it was "based on facts that were neither pled in a motion nor based on any facts of the case." The State points out that K.S.A. 2018 Supp. 21-6817(a)(3) requires the district court to notify all parties of its intent to depart on its own volition, including

4

the reasons and factors relied on by the court, to allow reasonable time for either party to respond. The State also argues that the reasons expressed by the district court at the sentencing hearing for granting the durational departure were not substantial and compelling. Finally, the State argues that the district court improperly tried to include additional reasons for granting the durational departure after the sentencing hearing.

Wilson argues that the durational departure was based on "the [c]ourt record which included the affidavits" the district court judicially noticed, Wilson's criminal history, and the *Crawford* factors. Wilson does not directly respond to the State's argument that the district court violated the notice provisions of K.S.A. 2018 Supp. 21-6817(a)(3), and he makes no claim that the State's argument is not preserved for appeal.

When a court convicts a defendant of a crime subject to the revised Kansas Sentencing Guidelines Act (KSGA), the court must impose the presumptive sentence provided in the KSGA unless the court finds "substantial and compelling reasons to impose a departure sentence." K.S.A. 2020 Supp. 21-6815(a). The district court must "state on the record at the time of sentencing the substantial and compelling reasons for the departure." K.S.A. 2020 Supp. 21-6815(a).

"Substantial" means something with substance that is real, not imagined, nor ephemeral. "Compelling" means that the facts of the case force the district court to abandon the status quo and grant an exception to the standard sentencing guidelines. *State v. Blackmon*, 285 Kan. 719, 724, 176 P.3d 160 (2008). The district court may rely on the list of nonexclusive list of mitigating factors in K.S.A. 2020 Supp. 21-6815(c)(1) to determine if there are substantial and compelling reasons to depart from the presumptive sentence, but it may also rely on nonstatutory factors to depart if those factors reflect the intent and principles of the KSGA. *State v. Bird*, 298 Kan. 393, 397, 312 P.3d 1265 (2013).

The Kansas Supreme Court recently clarified that the applicable standard of review for a departure sentence based on a nonstatutory mitigating factor is an abuse of discretion standard. *State v. Morley*, 312 Kan. 702, 711, 479 P.3d 928 (2021). Each analytical step in the abuse of discretion standard requires a different inquiry: "(1) whether the determination of a nonstatutory factor was guided by an erroneous legal conclusion; (2) whether substantial competent evidence supported the factual finding that the factor existed, i.e., an error of fact; and (3) whether a reasonable person would have taken the view adopted by the sentencing court. And it is important to emphasize that only the first step involves a legal question, subject to unlimited review." 312 Kan. at 711.

"This means appellate review of the departure decision should follow a three-step framework: (1) determine whether the sentencing court's nonstatutory factor can be a mitigating factor as a matter of law under K.S.A. 2019 Supp. 21-6815(c); (2) if it can, then decide whether that nonstatutory factor's existence is supported by the record; and (3) if so, then determine whether the sentencing court acted reasonably when it concluded there was a substantial and compelling reason to depart in a particular case based on that nonstatutory factor by itself or collectively with other statutory or nonstatutory factors cited by the sentencing court." 312 Kan. at 711.

On appeal, the State asserts that the district court made a reversible error "in finding substantial and compelling reasons for a downward durational departure both in the manner in which notice was given and in the ultimate decision to grant a downward durational departure." We will first address whether the district court gave adequate notice of its intent to depart, followed by whether the district court erred in finding substantial and compelling reasons to grant the departure.

6

*Notice of intent to depart*

Wilson did not move the district court for a durational departure; the district court granted the departure sua sponte. The district court may grant a departure without a motion from either party provided it gives proper notice of its intent to do so. See K.S.A. 2020 Supp. 21-6817(a)(3) ("If the court decides to depart on its own volition . . . the court shall notify all parties of its intent and allow reasonable time for either party to respond if requested. The notice shall state the type of departure intended by the court and the reasons and factors relied upon."). The district court's notice of its intention to depart must be reasonable. "At a minimum, this means it must be provided at such a time and with such specificity that the defendant and the State have a fair opportunity to marshal and present their arguments for or against the proposed departure before sentence is pronounced." *State v. Carr*, 29 Kan. App. 2d 501, 503, 28 P.3d 436 (2001).

The district court gave no written notice of its intent to depart and gave no oral notice until after it called the case for the sentencing hearing. Even then, the court gave no reasons for considering a durational departure for Wilson. Under the circumstances, the district court violated K.S.A. 2018 Supp. 21-6817(a)(3), which requires reasonable notice of its intent to depart including the type of departure to be granted and the factors relied on by the court. The prosecutor had no way to argue against the district court's durational departure factors because the court did not announce them until after the sentence was imposed. Still, the State made clear it objected to the durational departure "since the parties have agreed and are both asking for a midrange sentence."

This case is like *State v. Martinez*, 38 Kan. App. 2d 324, 327-28, 165 P.3d 1050 (2007), where the district court gave no notice of its intent to impose an upward dispositional departure until the sentencing hearing. Martinez did not object to the lack of notice at the sentencing hearing and did not raise the issue until the first time on appeal.

7

Still, this court found the district court violated the statutory notice requirement and vacated Martinez' departure sentence:

> "It is clear that the sentencing judge's notice of her intent to depart was inadequate. There was no advance notice prior to the actual sentencing hearing. When the sentencing judge gave notice of her intent to depart, Martinez was not provided an adequate opportunity to marshal and present his arguments against departure before sentence was pronounced. Consequently, the notice requirement of K.S.A. 2006 Supp. 21-4718(a)(3) [predecessor to K.S.A. 21-6817(a)(3)] was not satisfied, and we are required to vacate the sentence and remand for resentencing." 38 Kan. App. 2d at 336.

The district court's failure to comply with the notice requirements in K.S.A. 2018 Supp. 21-6817(a)(3) is a sufficient reason for vacating the court's durational departure. But we will also address whether the reasons stated by the district court for granting the durational departure were substantial and compelling.

*District court's reasons for granting the durational departure*

The district court relied on nonstatutory grounds to grant Wilson a durational departure, which is appropriate provided the factors reflect the principles underlying the KSGA. *Bird*, 298 Kan. at 397. An appellate court will uphold the district court's departure even when only one factor is substantial and compelling. *Blackmon*, 285 Kan. at 725. The district court must "state on the record *at the time of sentencing* the substantial and compelling reasons for the departure." (Emphasis added.) K.S.A. 2020 Supp. 21-6815(a). The court's comments at the time of sentencing govern as its reasons. *State v. Jackson*, 262 Kan. 119, 135, 936 P.2d 761 (1997). Thus, we will limit our analysis of the district court's durational departure sentence to the reasons the court stated from the bench during Wilson's sentencing hearing.

8

After imposing the durational departure sentence, the district court spoke at length about Wilson's "situation" as the court saw it without specifically saying, "these are the factors" it relied on for the durational departure. But the district court's main reason for granting the durational departure was the court's belief that Wilson had been overcharged by the State and set up by the CI, based on the probable cause affidavits that the court had reviewed. In its ruling from the bench, the district court speculated about why Wilson was chosen by the CI and why the drug buys were structured the way they were. The district court presumed that the drug unit asked the CI to purchase 3.5 grams of methamphetamine from Wilson because "that bumps it up to a higher level." The district court found that Wilson "got set up by the informant to be the go-between to the person who was capable of selling that amount of drugs." Ultimately, the district judge stated it was imposing "a sentence that I think is appropriate *based upon the crimes that I see you committed.*" (Emphasis added.)

The prosecutor's office, not the court, is the representative of the State in criminal prosecutions and has broad discretion in controlling those prosecutions. The scope of this discretion "extends to the power to investigate and to determine who shall be prosecuted and what crimes shall be charged." *State v. Williamson*, 253 Kan. 163, 165, 853 P.2d 56 (1993) (citing *State v. Dedman*, 230 Kan. 793, 798, 640 P.2d 1266[1982]). The Reno County district attorney's office decided what charges to file against Wilson, and Wilson voluntarily pled guilty to each of the charges. Wilson makes no claim there was an insufficient factual basis to support each conviction. It was not the court's role to weigh in on how the crimes were investigated and what charges should have been filed. Thus, we conclude the district court's belief from the affidavits that Wilson had been overcharged by the State and set up by the CI cannot amount to a substantial and compelling reason for the district court to sua sponte grant Wilson a durational departure.

The district court gave other reasons for granting the durational departure, including the fact that Wilson's *past* convictions had been based on small amounts of

drugs and he had been able to stay off drugs during prior periods of probation. But based on the totality of the record, we also find these reasons do not constitute substantial and compelling grounds for the durational departure. See *Morley*, 312 Kan. at 711 (whether departure factor is guided by erroneous legal conclusion is reviewed de novo).

Thus, we conclude the district court erred in granting Wilson a durational departure. As a result, we vacate Wilson's sentence and remand for resentencing. On remand, the district court must comply with K.S.A. 2018 Supp. 21-6817(a)(3) if it intends to grant Wilson a durational departure.

Sentence vacated and case remanded for resentencing.